United States District Court
Eastern District of Michigan
Southern Division

United States of America,

          Plaintiff,

                                Hon. Denise Page Hood

v.

                                Case No. 21-20206

Colin Clemente Martin,

          Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Colin Clemente Martin, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Counts of Conviction

The defendant will plead guilty to Counts 1 and 3 of the Indictment. Count 1 charges the defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a). Count 3 charges the defendant with Online Enticement of a Minor, in violation of 18 U.S.C. § 2242(b).

## 2.    Statutory Minimum and Maximum Penalties

The defendant understands that the counts to which he is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Not less than 15 years' and up to 30 years' imprisonment |
|---|---|---|
| | Fine: | $250,000 |
| | Term of supervised release: | Not less than 5 years and up to life |
| Count 3 | Term of imprisonment: | Not less than 10 years' imprisonment, and up to life in prison |
| | Fine: | $250,000 |
| | Term of supervised release: | Not less than 5 years and up to life |

The defendant understands that Count 1 requires a mandatory minimum sentence of 15 years' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

The defendant understands that Count 3 requires a mandatory minimum sentence of 10 years' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

**3.    Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Counts 2, 4-17 of the Indictment.

**4.    Elements of Counts of Conviction**

The elements of Count 1 are:

*First*:      That the defendant used, persuaded, induced, or enticed a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.

*Second*:    That the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including computer.

The elements of Count 3 are:

*First*:     That the defendant knowingly persuaded, induced, enticed, or coerced an individual under the age of 18 to engage in unlawful sexual activity;

*Second:*     That the defendant used a means or facility of interstate or foreign commerce to do so;

*Third*:     That the defendant knew the individual was under the age of 18.

## 5.    Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

In late April 2017, Colin Clemente Martin used the popular social media application Musical.ly to contact a 9-year-old girl from Toronto (hereinafter MV-1). Martin, using a fake name and profile picture, pretended to be a talent scout who helped young girls become famous. MV-1 and Martin engaged in several online communications, during which Martin convinced MV-1 to create images and videos of child pornography. MV-1 had informed Martin that she was just 9 years old

prior to Martin's demands that MV-1 create the child pornography images and videos of herself.

A forensic examination of Martin's electronic devices revealed several videos of child pornography involving MV-1, MV-2, MV-3, MV-4, MV-5, MV-6, MV-7, and MV-8, in addition to other, as-yet unidentified victims. Martin's chat conversations with some of those children were also recovered from his electronic devices. During a post-arrest interview, Martin acknowledged using the fake online moniker to convince girls to create child pornography videos of themselves for him.

Martin acknowledges that production of child pornography constitutes unlawful sexual activity, as defined in 18 U.S.C. § 2422(b). Martin acknowledges that he used a cellular device and the internet, both of which are tools of interstate or foreign commerce. The devices used by Martin in communicating with MV-1 and other children were made with parts that traveled in interstate and foreign commerce.

Martin also acknowledges that he used a similar tactic—pretending to be a talent scout—to convince at least 10 other children to create images and videos of child pornography for him. Martin demanded particular types of images and videos, including (for some

victims) videos of bestiality and videos of victims drinking their own
urine.

## 6.   Stipulated Offenses

The parties stipulate under USSG § 1B1.2(c) that the defendant
has committed the following additional offenses and that his sentencing
guidelines should be calculated as if he had been convicted of additional
counts charging those offenses:

Production of child pornography related to Minor Victims #2-8 as
stated in Counts 2, 4, 6, 8, 10, 12, and 14 of the Indictment; the online
enticement of those same victims as stated in Counts 5, 7, 9, 11, 13, and
15; receipt of child pornography related to Count 16 of the Indictment;
and possession of child pornography related to Count 17 of the
Indictment.

## 7.   Advice of Rights

The defendant has read the Indictment, has discussed the charges
and possible defenses with his attorney, and understands the crimes
charged. The defendant understands that, by pleading guilty, he is
waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

Page **6** of **23**

B.   The right to a speedy and public trial by jury;

C.   The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.   The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.   The right to confront and cross-examine adverse witnesses at trial;

F.   The right to testify or not to testify at trial, whichever the defendant chooses;

G.   If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.   The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.   The right to compel the attendance of witnesses at trial.

## 8.   Collateral Consequences of Conviction

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant

understands that, if he is not a United States citizen, his convictions here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

## 9.   Defendant's Guideline Range

### A.   Court's Determination

The Court will determine the defendant's guideline range at sentencing.

## B.   Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a) for his guideline calculation on Count 1. Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility

under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.   Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count 1:

- USSG § 2G2.1(a), Base offense level,                                32
- USSG § 2G2.1(b)(1), Minor under age 12                    +4
- USSG § 2G2.1(b)(2), Use of a Computer/ misrepresentation of identity                                           +2
- USSG § 2G2.1(d), Special instruction                          +5
- USSG § 4B1.5(b), Repeat and dangerous sex offender   +5

### D.   Factual Stipulations for Sentencing Purposes

There are no other factual stipulations for sentencing purposes.

### E.   Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 9.B,

9.C, or 9.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 10.   Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

## B.   Imprisonment

### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the

government recommends that the defendant's sentence of imprisonment

on ~~Count 1~~ *Cants 1 and 3 (kw)* not exceed the top of the defendant's guideline range as

determined by the Court.

### 2.   No Right to Withdraw

The government's recommendation in paragraph 10.B.1 is not

binding on the Court. The defendant understands that he will have no

right to withdraw from this agreement or withdraw his guilty plea if the

Court decides not to follow the government's recommendation. The

government likewise has no right to withdraw from this agreement if

the Court decides not to follow the government's recommendation. If,

however, the Court rejects or purports to reject any other term or terms

of this plea agreement, the government will be permitted to withdraw

from the agreement.

### C.    Supervised Release

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose at least a 5-year term of supervised release.

#### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.    Fines

There is no recommendation or agreement as to a fine.

### E.    Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on

restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

## F.   Forfeiture

As part of this agreement, pursuant to 18 U.S.C. § 2428,
defendant shall forfeit, and agrees to forfeit without contest, all
property, real or personal, that was used or intended to be used to
commit or facilitate the commission of his offense, and property
constituting or derived from any proceeds that defendant obtained,
directly or indirectly, as a result of his offense (hereinafter the
"Forfeited Property").  Defendant hereby withdraws any and all claims,
Petitions for Remission, and/or Petitions for Mitigation, that defendant
filed, or which were filed on defendant's behalf, if any, with any federal
agency relative to any of the Forfeited Property.  Defendant agrees not
to contest, and agrees not to assist anyone else in contesting, any non-
judicial and/or judicial forfeiture of the Forfeited Property.

Defendant agrees that a sufficient nexus exits between
defendant's offense of conviction and the Forfeited Property and that
the Forfeited Property is forfeitable to the United States pursuant to 18
U.S.C. § 2428.

Defendant agrees to the entry of one or more orders of forfeiture of
his interests in the Forfeited Property, including the Court's prompt

**Page 15 of 23**

entry of a Preliminary Order of Forfeiture following defendant's guilty plea, upon application by the United States, incorporating the above referenced forfeiture of the Forfeited Property as mandated by Fed. R. Crim. P. 32.2. Defendant agrees that the Preliminary Order of Forfeiture shall become final as to defendant at the time it is entered by the court.

Defendant further agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure and forfeiture of property covered by this Plea Agreement.

Defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to the Forfeited Property to the United States and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the Forfeited Property is not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture. If any other person or entity has or claims any interest in such property, defendant will assist in obtaining a release of interest from any such other person or entity.

In entering into this agreement, defendant expressly waives his right to have a jury determine the forfeitability of his interest in the Forfeited Property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

Defendant knowingly, voluntarily, and intelligently waives any challenge to the forfeiture based upon the Due Process Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution.

Defendant acknowledges that he understands that the forfeiture of the Forfeited Property may be part of the sentence that will be imposed in this case, and waives any failure by the Court to advise him of this, pursuant to Fed. R. Crim. P. 11(b)(1)(J) or otherwise, at the change-of-plea hearing.

Defendant waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of forfeiture at sentencing, and incorporation of forfeiture in the judgment.

### G.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $200, due immediately upon sentencing.

In addition, under the Justice for Victims of Trafficking Act of 2015, the defendant will be required to pay a special assessment of $5,000, due immediately upon sentencing. However, if the Court finds that the defendant is indigent, he will not be ordered to pay this amount.

## 11.    SORNA

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that

he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

## 12.    Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the statutory maximum for the counts of conviction, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 13.    Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or

prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rules of Civil Procedure 59 or 60.

## 14. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty pleas, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 15. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the

factual basis set forth in this agreement, against the defendant in any proceeding.

**16.    Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**17.    Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions

against the defendant, or any forfeiture claim against any property, by

the United States or any other party.

18.    **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in

the United States Attorney's Office by April 23, 2021. The government

may withdraw from this agreement at any time before the defendant

pleads guilty.

Dawn N. Ison
United States Attorney

Benjamin Coats
Chief, Major Crimes Unit
Assistant United States
Attorney

Kevin M. Mulcahy
Tara Hindelang
Assistant United States
Attorneys

Dated: 3/18/2022

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
Mariell Lehman
Shannon Smith
Attorneys for Defendant

Dated: 10/24/2022

_____
Colin Clemente Martin
Defendant