UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                             CASE NO. 2:21-cr-20206

    v.                                    HON. DENISE PAGE HOOD

COLIN MARTIN,

      Defendant.

_____/

### DEFENDANT'S SENTENCING MEMORANDUM

Standing before the Court awaiting sentencing on May 30, 2023 is Colin Martin. Mr. Martin pled guilty to one count of Production of Child Pornography, contrary to 18 U.S.C. § 2251(a), (e), and one count of Online Enticement of a Minor, contrary to 18 U.S.C. § 2422(b). The purpose of this sentencing memorandum is to provide this Court with an opportunity to gain greater insight into Mr. Martin before it determines a sentence that will have a profound impact on his life.

*Procedural History of the Case*

On March 24, 2021, Mr. Martin was charged by Indictment with seventeen counts: eight counts of Production of Child Pornography, seven

1

counts of Online Enticement of a Minor, one count of Receipt of Child Pornography, and one count of Possession of Child Pornography. (Doc. No. 19). On October 24, 2022, this Court accepted a guilty plea by Mr. Martin to Count One of the Indictment, Production of Child Pornography contrary to 18 U.S.C. § 2251(a), (e), and Count Three of the Indictment, Online Enticement of a Minor, contrary to 18 U.S.C. § 2422(b) and a signed Plea Agreement was filed. (Doc. No. 38). Pursuant to Mr. Martin's Plea Agreement, the statutory minimum penalty for Count 1 is 15 years' imprisonment and the statutory minimum penalty for Count 3 is 10 years' imprisonment. Pursuant to FRCP 11(c)(1)(C) the parties agree that Mr. Martin's sentence may not exceed the maximum guidelines, or Mr. Martin would be permitted to withdraw his plea. (Doc. No. 38). During the pendency of this case, Mr. Martin has been held without bond.

### *Sentencing Law*

As this Court is undoubtedly aware, sentencing guidelines – once mandatory – are now advisory. *United States v. Booker*, 543 U.S. 220, 245; 125 S. Ct. 738; 160 L. Ed. 2d 621 (2005). There is not a presumption of unreasonableness when a sentence varies from the advisory guidelines. *Gall v. United States*, 552 U.S. 38, 46; 128 S. Ct. 586; 169 L.

Ed. 2d 445 (2007). In fact, the United States Supreme Court has rejected the requirement of extraordinary circumstances to justify a departure or the imposition of rigid mathematical formulas to be used when determining if a departure is warranted. *Id.* at 47.

This Court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(2). This Court must consider, in relevant part, the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)   to afford adequate deterrence to criminal conduct;
    (C)   to protect the public from further crimes of the defendant; and
    (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for –
    (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[;]

\* \* \*

(5) any pertinent policy statement[;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

3

(7) the need to provide restitution to any victims of the offense. [18 U.S.C. § 3553(a).]

With respect to the factors that this Court must consider in sentencing, Mr. Martin does not in any way attempt to minimize his conduct or make excuses for his actions. However, Undersigned Counsel would be remiss if she did not point out significant details about Mr. Martin's background, specifically since the crimes in the instant case were committed.

### *Personal History Regarding Mr. Martin*

This Court has knowledge of the offense conduct that leads Mr. Martin to sentencing. Mr. Martin and his attorney also appreciate that this Court is familiar with Mr. Martin's detailed personal history through the Presentence Investigation Report. (Doc. No. 39). As such, this Sentencing Memorandum will focus on additional information that supports a downward departure from the advisory guideline range. Specifically, the events of Mr. Martin's life in the years *before* and the *following* the 2017 offenses are particularly important for the Court to consider.

4

### A. Basic Information

Currently, Mr. Martin is thirty-three years old. He is a lifelong resident of Michigan – born in Detroit and raised in Macomb County. He has been married to his wife, Joana Gazeli, since October 2018.

Mr. Martin was gainfully employed as an IT Administrator at Avant Solution, where he had been employed since 2015, until his arrest in December 2020. Prior to working at Avant, Mr. Martin was employed at the Filmore in Detroit, Michigan. He left the Filmore because he obtained employment at Avant.

### B. Factors that Support a Downward Departure

During 2016 and into 2017, Mr. Martin found himself feeling frequently depressed and began to withdraw. Looking back, he can see that he was in an incredibly depressed state but did not know what to do or how to get out of it. He became heavily involved in virtual reality through participating in online chatrooms and similar activities.

Mr. Martin's emotional symptoms continued into 2017 and until he met his wife, Joana.

A letter written by Mr. Martin's wife, Joana Gazeli, is attached for the Court's review as Appendix A. Ms. Gazeli describes how and when

she met Mr. Martin and discusses how inseparable the two have been since they began dating. Ms. Gazeli describes the incredible man that Mr. Martin has been during their marriage and confirms that she had never seen anything concerning related to his online activities during their relationship. As stated previously and confirmed by the government, the activities which led to these charges ended shortly after Mr. Martin met Ms. Gazeli.

Finally, additional support letters are attached as Appendix B. While the letters speak for themselves, they highlight Mr. Martin's helpful nature to his family, showing he gives all that he can to those he loves and cares for. Mr. Martin realizes that he will have to face consequences for his behavior in 2017 and knows that he will be incarcerated for those behaviors. However, Mr. Martin remains committed to continuing toward a path of rehabilitation and treatment. Although Mr. Martin recognizes that his behavior in 2017 cannot be ignored, he believes that he can begin down a path that will ultimately have a positive impact on not only his future, but that of his family and the community as well.

Mr. Martin is acutely aware of the difficult position that this Court finds itself in. It must balance numerous interests to fashion a just and fair sentence. Both Mr. Martin and his counsel recognize this Court's superior ability to fashion a sentence that best meets the ends of justice under the unique circumstances of this case. The purpose of this Sentencing Memorandum is to hopefully provide this Court with more information about Mr. Martin leading up to and after the events in 2017. Hopefully, the information about these time periods, knowing that Mr. Martin voluntarily ceased his conduct before he was aware that the government was investigating, and knowing that Mr. Martin did not have inappropriate in-person contact with any minors, provides the Court insight that is useful to fashion the appropriate sentence. There is no question that the Court's decision will profoundly impact Mr. Martin's life and that of his family, especially his wife. Accordingly, the defense respectfully requests that this Court consider this Sentencing Memorandum in determining a just sentence for Mr. Martin.

*Conclusion*

WHEREFORE, as this Court is aware, the U.S. Sentencing Guidelines are merely advisory and do not always result in a guideline

range that is "just". As such, Mr. Martin asks this Honorable Court to consider a downward departure and impose a sentence that is sufficient, but not greater than necessary.

                                      Respectfully submitted,

<u>5/24/23</u>                                <u>/s/ MARIELL R. LEHMAN</u>
Date                                    Mariell R. Lehman

## Certification of Delivery

    I hereby certify that on May 24, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to parties enrolled through the ECF system. Pursuant to LCrR 32.1(g), a copy was also served upon the probation officer by e-mail.

<u>/s/ MARIELL R. LEHMAN</u>
Mariell R. Lehman
Lehman Law Firm, PLLC
8113 Wilson Street
Shelby Township, MI 48316
mariell@mlehmanlaw.com
(586) 291-3414